Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed to enforce the specific performance of a parol contract for the sale of a tract of land. Our statute of frauds contains no exceptions in regard to such contracts, and it is not for us to create exceptions where none exist in the statute.
The claim which is made for a decree for money, if the specific performance be refused, rests on no better foundation. The payment, it is alleged, was made by Dent, by reason of a contract with both Beaman and Buck for a tract of land originally owned by Beaman, but bought by Buck under execution against him. But whatever might have been the original intention and contract of Dent and Buck, the payment by agreement between *211 them was finally applied to the debt of Dent to Buck. By this arrangement Beaman has not received a sum of money, which he expected to receive, yet a decree could not be made in his favor, without giving- effect to the parol contract. It must be kept in view, that Beaman did not make the payment, but' that it was made by Dent'in consequence of an invalid agreement, which was finally abandoned. By that abandonment the right to the money resulted to Dent; he settled with Buck for it.
Where persons recover back deposits, or payments made upon parol contracts for land which the parties refuse to complete, the recovery is because of the rescission of the contract. If this contract be not obligatory, Dent was entitled to the money which he paid; Beaman could only have right to the money, in the event that the contract was held to be valid. His whole claim rests upon the contract, and must stand or fall with it. Had Dent been able to comply with his engagements, it is probable that no difficulty would have arisen. As it is, the loss must fall on him who was least careful to guard against it, and who reposed upon a contract which was invalid.
The decree of the court below, dismissing the bill of the complainant, is affirmed.
Decree affirmed.